_____

No. 96-2142
_____

Dennis Belec,                          *
                                       *
      Plaintiff/Appellant,             *
                                       *    Appeal from the United States
           v.                          *    District Court for the Eastern
                                       *    District of Missouri.
Hayssen Manufacturing Company,         *
                                       *
      Defendant/Appellee.              *

_____

Submitted: December 9, 1996

Filed:  January 27, 1997
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.

     This case arises from an injury Dennis Belec suffered at work while operating a plastic blow molding machine.  Belec sued the manufacturer of the machine, Hayssen Manufacturing Company, for strict liability and negligence, and two co-employees for negligently modifying the machine. The district court granted summary judgment to the defendants, and Belec now appeals the dismissal of his failure to warn claim against Hayssen. We reverse.

     Belec injured both of his hands when they were caught in a plastics blow molding machine.  The machine was manufactured by Hayssen and sold to Belec's employer, Semco Plastics.  As sold, the machine operated on either automatic or manual cycle, but automatic cycle was its production mode. When run on automatic cycle, the operator had to change positions to produce each plastic item.  The operator started the production cycle by pushing a button and then

had to move to remove the item, then return to the original position to start the process for the next piece. This took time, and the constant starting and stopping of the machine caused Semco to replace the motor twice.

Hayssen offered a separate retrofit kit permitting the machine to operate on semi-automatic cycle, but Semco employees arranged to modify the machine themselves so that it could be run on semi-automatic cycle, permitting the operator to remain in one position. Belec was injured while removing a plastic piggy bank from the modified machine. The machine had begun to operate while his hands were still inside, causing burns and fractures that resulted in the amputation of fingers on his left hand.

Belec sued Hayssen under Missouri law for strict liability for design defect and failure to warn, and for failure to use ordinary care in the manufacture and design of the product and negligent failure to warn. Belec also sued the co-employees responsible for modifying the machine, alleging that they were negligent. Before the district court ruled on the summary judgment motions, Belec conceded his negligence and strict liability for design defect claims against Hayssen.

The district court granted the defendants' motions for summary judgment. It concluded that Belec's injuries had been caused solely by Semco's modifications to the machine so Hayssen could not be liable. Since the co-employees were acting in furtherance of Semco's nondelegable duty to provide a safe working environment, the Missouri Workers' Compensation Law, Mo. Rev. Stat. §§ 287.010 -811 (1993), barred legal action against them.[1]

---

[1]Belec originally appealed from the dismissal of his claims against his co-employees, but this part of the appeal was subsequently dismissed.

In Missouri, a manufacturer can be held strictly liable for failure to warn of the dangers of a product even if there is no defect in its design.  Sutherland v. Elpower Corp., 923 F.2d 1285, 1288 (8th Cir. 1991); Nesselrode v. Executive Beechcraft, Inc., 707 S.W.2d 371, 382 (Mo. 1986) (en banc).  A manufacturer is not strictly liable for failing to warn of dangers caused by every possible use of a product.  See Nesselrode, 707 S.W.2d at 375 (noting that a manufacturer is not an insurer for all accidents caused by its product).  Where a product would be used in a reasonably foreseeable manner, however, the manufacturer can be strictly liable if it does not provide an adequate warning of the danger of the product.  See Sutherland, 923 F.2d at 1289 (concluding that a manufacturer can be strictly liable for failing to warn about reasonably foreseeable unintended use of a modified product);  Nesselrode, 707 S.W.2d at 380-381 (stating that strict liability applies to reasonably anticipated use and misuse of a product).

In opposing the motion for summary judgment, Belec offered the affidavit of an expert witness, Keith Vidal.  The affidavit contained Vidal's opinion that the machine was unreasonably dangerous as sold because it did not contain a warning about modifying the machine to run on semi-automatic cycle or of the danger posed by the machine when operated on semi-automatic cycle without appropriate safeguards.  The affidavit states it was reasonably foreseeable the machine would be used in semi-automatic cycle because Hayssen itself offered a kit to enable it to be modified to operate that way.  Vidal's affidavit incorporated his report which was based in part on a review of documents produced by Hayssen that contained facts supporting his conclusion that the use in semi-automatic cycle was reasonably foreseeable.

Hayssen argues that Vidal's affidavit contains only legal conclusions and contradicts his earlier deposition testimony.  Hayssen contends that Vidal testified at his deposition that the

3

machine as designed, manufactured, and shipped was reasonably operationally safe, and that the portion of his affidavit opining that the failure to warn made the machine unreasonably dangerous was inconsistent with the earlier testimony. It states that the affidavit cannot therefore raise a genuine issue of material fact. Garnac Grain Co. v. Blackley, 932 F.2d 1563, 1568 (8th Cir. 1991).

We review a grant of summary judgment de novo. Anderson v. F.J. Little Machine Co., 68 F.3d 1113, 1114 (8th Cir. 1995). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The evidence must be viewed in the light most favorable to the nonmoving party and all reasonable inferences from the facts must be resolved in favor of that party. Reich v. Conagra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993).

Vidal's affidavit did not contradict his earlier deposition testimony. The deposition had been taken by Hayssen's counsel at the time Belec was still claiming Hayssen was strictly liable for design defect and negligent design. At his deposition, Vidal was testifying about the operation of the machine as sold, on automatic or manual cycle. He was not addressing any danger posed by use of the machine in semi-automatic cycle or by the failure to warn about a modification for such use. Vidal's statement regarding the operation of the machine had in fact been made shortly after Hayssen's attorney specifically excluded from his consideration any opinion on a failure to warn.

Vidal's affidavit was sufficient to create a genuine issue of material fact. The record, when read in the light favorable to the nonmoving party, indicated it was reasonably foreseeable that the plastic blow molding machine would be operated on semi-automatic cycle. Vidal's affidavit states Hayssen offered a retrofit kit to modify the machine so it would operate on semi-automatic cycle and

the high cost of the kit made it foreseeable that the machine would be modified for use without it.  See Sutherland, 923 F.2d at 1289 (expert testimony regarding absence of warning sufficient to support jury verdict).

Hayssen and Belec disagree about whether a manufacturer can be liable for failing to warn even if a certain use is reasonably foreseeable. Hayssen believes a manufacturer cannot be liable for failing to warn of danger if a safe product is modified to make it unsafe, especially where the modification is the sole cause of injury.  Sutherland, 923 F.2d at 1290; Gomez v. Clark Equip. Co., 743 S.W.2d 429, 432 (Mo. Ct. App. 1987). Belec contends the manufacturer can be liable for failing to warn if it is reasonably foreseeable that a modified product will be used in a way that poses new dangers.  Belec asserts that even under Hayssen's theory there is an issue of fact as to the cause of his injury because a jury could find Hayssen, the co-employees, and Belec all responsible.[2]

A jury could find on this record that the failure to provide a warning made the product unsafe and therefore caused the accident.  Gomez does not control whether summary judgment is appropriate here because in that case a jury had found that a modification was the sole cause of injury.  See Sutherland, 923 F.2d at 1290 (discussing Gomez).  Failure to warn can provide an independent basis for liability in a strict liability case.  Sutherland, 923 F.2d at 1289-90.

Since Belec produced evidence sufficient to create a genuine issue of material fact on the issue of whether Hayssen could be liable for failure to warn, the district court erred in granting

---

[2]Hayssen's answer to Belec's complaint alleged Belec was negligent, and his own expert stated he had hit a switch that turned on the machine while his hands were in it.

summary judgment to Hayssen.  The trier of fact should have the opportunity to determine the questions of reasonable foreseeability and the cause of the injury.  The judgment in favor of Hayssen is reversed, and the case is remanded for trial.


A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.